**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

United States of America,

v.                                                   Case No. 1:24-cr-340-MLB

Wayne Alford, et al.,

                    Defendants.

_____/

## ORDER

A grand jury indicted Defendants Wayne Alford, Matthew Freeman, Latasha Baker, and Jahiem Arnold, charging them with conspiring to distribute methamphetamine and—along with Defendants Carlos Pearson and Jayden Barnes—two counts of conspiring to commit murder for hire. (Dkt. 118, Counts 1-3.) According to the United States, Defendant Alford (while being held at the Fulton County jail) conspired with Defendants Freeman, Baker, and Arnold to distribute controlled substances. (Dkt. 215 at 3.) After jail guards seized some of their drugs, that group conspired with Defendants Pearson and Barnes to kill the guards. (Dkt. 215 at 3.) In addition to those conspiracy charges, the

1

United States charged various Defendants with various other crimes. The United States, for example, charged Defendant Arnold with being a felon in possession of a firearm and possessing that firearm during the commission of a drug crime on one specific date in November 2023. (Dkt. 118, Counts 4, 6.) It also charged Defendants Alford, Freeman, Arnold, and Baker with conspiring with Defendant Arnold to possess that firearm during the drug trafficking crime. (*Id.* Count 5.) Finally, the indictment charges Defendant Pearson with possessing a machine gun (*id.* Count 9) and Defendant Barnes with both possessing a machine gun and possessing methamphetamine with the intent to distribute (*id.* Counts 7-8).

Defendants Alford, Pearson, and Barnes move to sever. (Dkts. 160, 164, 179.) The Magistrate Judge issued a report and recommendation, saying this Court should deny those motions. (Dkt. 215.) Defendants Alford and Pearson filed objections; Defendant Barnes did not. (Dkt. 220, 221.)

## I.    Standard of Review

28 U.S.C. § 636(b)(1) requires district courts to "make a de novo determination of those portions of [an R&R] to which objection is made."

Any such objection "must specifically identify the portions of the [R&R] to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020)[1]; *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). And, in most cases, "[a] party failing to object to [an R&R] waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal

---

[1] The Court recognizes *McCullars* is unpublished and not binding. The Court cites it and other unpublished cases as instructive, nonetheless. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

conclusions." *McGriff v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 469, 472 (11th Cir. 2016). Ultimately, whether or not objections are filed, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.    Defendant Alford's Motion to Sever

Defendant Alford moves to sever his trial from the trial of his codefendants, arguing he faces the "danger of transference of guilt" if tried with his codefendants who are charged with other crimes and because the United States may seek to introduce codefendants' post-arrest statements implicating him, in violation of his Sixth Amendment rights. (Dkt. 179 at 6-7.)

The Court applies a two-step process to determine whether severance is appropriate. First, the Court determines whether initial joinder of defendants or charges was proper under Rule 8. *United States v. Gabay*, 923 F.2d 1536, 1539 (11th Cir. 1991). Second, the Court determines whether, despite proper joinder, prejudice to the defendant nevertheless warrants severance under Rule 14. *United States v. Chavez*, 584 F.3d 1354, 1359-60 (11th Cir. 2009). A defendant who moves to sever carries the "heavy burden of demonstrating [that] 'compelling prejudice'

would result from a joint trial." *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011).

The Magistrate Judge concluded joinder of Defendant Alford with his codefendants was proper under Rule 8(b) because Defendant Alford is charged in the murder for hire conspiracies with all his codefendants and in the drug and firearms conspiracies with three of his codefendants. (Dkt. 215 at 7.)  Defendant Alford does not object to this conclusion.  But even if he did, the Court would adopt it.   Federal Rule of Criminal Procedure 8(b) provides that joinder of two or more defendants in the same indictment is proper "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."   *See* Fed. R. Crim P. 8(b).  Counts 1 and 2 involve conspiracies linking all Defendants in the same transaction; Counts 3 and 5 allege conspiracies linking the Defendants (except Defendants Barnes and Pearson) in the same transaction and also linking Defendant Alford to the series of acts giving rise to the individual charges against Defendant Arnold; and Defendants Barnes's and Pearson's alleged possession of machine guns was part of the

murder-for-hire conspiracies, meaning they arose from the same series of acts as Counts 1 and 2.

On this last point, the United States has proffered that the machine gun Defendant Barnes possessed at the time of the murder-for-hire conspiracies was "a potential instrumentality of the agreed-upon murder-for-hire." (Dkt. 184 at 5-6.)   Likewise, it argues Defendant Pearson's agreement to shoot up the guards' homes "would have required that [Defendant Pearson] possess a firearm," thus making the charges related. (*Id.* at 7-8.)  Finally, as the Magistrate Judge noted, the United States has proffered that Defendant Pearson and all the other Defendants (except Defendant Baker) were members of a criminal gang known as the "GoodFellas," that Defendant Pearson and Barnes "engaged in shootings arranged" by Defendant Freeman "as part of their role with the gang," and that Defendant Pearson and Barnes agreed to participate in the shootings planned in this case as part of the gang's activity after Defendant Alford (though Defendant Freeman) agreed to pay them.  (Dkt. 184 at 2-3.)[2]  Given the interrelatedness of all the crimes

---

[2] The Court also agrees Defendant Alford did not properly raise improper joinder under Rule 8(a) before the Magistrate Judge and thus cannot raise it now. (Dkt. 215 at 7 n.3.) *See Williams v. McNeil*, 557 F.3d 1287,

charged, the Court concludes joinder of Defendant Alford with his codefendants was proper.

The Magistrate Judge also concluded Defendant Alford has not shown compelling prejudice from a joint trial. (*Id*. at 12.) Defendant Alford objects, arguing the Magistrate Judge failed to consider the "highly prejudicial" possession of machine gun charges in Counts Seven and Eight and the likelihood that he will "suffer compelling prejudice" unless severed from Defendants Pearson and Barnes. (Dkt. 221 at 2.) To support this argument, Defendant Alford posits that the United States intends to show Defendants Pearson and Barnes used their machine guns to "[shoot] up the homes of other individuals, including the bedroom of a minor child." (*Id*.)

The Magistrate Judge considered some of this, noting that, as part of the murder-for-hire conspiracies, Defendant Freeman and Alford

---

1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) ("A proper objection generally may not raise new arguments not previously made before the magistrate judge."). But, even if he had, it would fail for the same reasons Defendant Pearson's motion fails.

agreed to kill the two guards and Defendant Freeman then got Defendant Barnes and Pearson to agree to "shoot up the cars and houses" of those guards. (Dkt. 215 at 4.) So—as already stated—Defendants Barnes's and Pearson's possession of machine guns (that would allow them to shoot up homes and cars) may be related to the murder-for-hire conspiracy, thus minimizing any *unfair* prejudice. The Magistrate Judge also referenced a claim by the United States that Defendants Barnes and Pearson had "participated in other shootings for [Defendant] Freeman." (Dkt. 215 at 4 (citing Dkt. 184 at 2).) The Court can find no reference to shooing up a child's bedroom, and Defendant Alford includes no citation to this allegation. So the Court will not assume this evidence. But, even if the trial were to go as Defendant Alford suggests and the United States was able to admit evidence of other shootings, this Court agrees that a proper limiting instruction—like (if appropriate) telling the jury Defendant Alford was not involved in those shootings and (if appropriate) that they could not considered that evidence against him—would protect Defendant Alford from any unfair prejudice arising from evidence of the other shootings. *Lopez,* 649 F.3d at 1237 ("limiting instructions usually will cure any prejudice resulting from a joint trial" since [w]e presume

8

that juries follow the instructions given to them"). The same, of course, is true of any unfair prejudice from evidence of Defendants Barnes's and Pearson's alleged possession of machine guns. Defendant Alford can propose a limiting instruction to avoid any prejudicial spillover if the United States fails to connect Defendant Alford to those crimes as it proffers it can through the murder-for-hire plot or activity of the GoodFellas gang.

Regarding Defendant Alford's concern about the admission of his codefendant's confessions, the Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to confronted and cross-examine witnesses against him or her, *Richardson v. Marsh*, 481 U.S. 200, 206 (1987), and thus prohibits use of a non-testifying criminal defendant's confession in a joint trial if the confession, on its face, incriminates another codefendant, *Bruton v. United States*, 391 U.S. 123, 136-137 (1968). (Dkt. 215 at 8.) The Magistrate Judge, however, concluded that—despite alleging his codefendants gave statements that implicated him—Defendant Alford had not carried his burden of demonstrating a so-called *Bruton* problem because he had not identified

specific statements or shown how those statements directly implicated him so as to present a Sixth Amendment violation.  (*Id.*)

Defendant Alford does not really object to this conclusion.  He says the "dozens of hours of interviews" between his codefendants and law enforcement and "hundreds of thousands of pages of social media and messaging" among the Defendants makes it "impossible" for him to provide this showing.  (Dkt. 221 at 3.)  That is the same argument he made to the Magistrate Judge, and the Court disagrees.  *Bruton* only implicates post-arrest statements to law enforcement, thus eliminating the social media posts from consideration in his motion to sever.  And, if he wants to raise a Sixth Amendment challenge, he bears the burden of going through those "dozens of hours of interviews" to present his claim. He cannot simply throw his hands up in a gasp of impossibility (particularly in the face of a task that seems imminently doable).

The Court overrules Defendant Alford's objections, adopts the report and recommendation and **DENIES** Defendant Alford's motion to sever.

One more issue.  In his objections, Defendant Alford seems to assume the Court will conduct a so-called *James* hearing before trial to

determine the admissibility of co-conspirator statements under Federal Rule of Evidence 801(d)(2)(e).  (Dkt. 221 at 3.)  He contends it is "more efficient" for the United States to identify the statements it intends to introduce at that hearing and that he will "renew his motion for severance regarding *Bruton*" at that time.  (*Id.*)  Again, Defendant Alford is mixing potential *Bruton* issues (that involve post-arrest statements) and the admissibility of coconspirator statements during and in furtherance of a conspiracy.  Defendant Alford should address these issues separately.  The Court does not anticipate holding a pre-trial hearing to preview codefendant statements under Rule 801(d)(2)(e) but rather anticipates considering that issue at trial when (and if) the United States seeks to introduce those statements.  If the Court believes additional evidence is necessary for it to make the necessary showing under Ruel 801(d)(2)(e), it will provide the parties an opportunity to explore that evidence outside the presence of the jury.  The Court believes this process far more efficient.  All of this is to say, Defendant Alford should *not* anticipate a pre-trial *James* hearing as an opportunity to perfect his *Bruton* argument.  Instead, Defendant Alford should review his codefendant's post-arrest statements on his own time to determine

11

whether a *Bruton* issue exists rather than expecting the Court to organize the work for him. Otherwise, he will be forfeiting his opportunity to raise the issue.

### III.   Defendant Pearson's Motion to Sever

Defendant Pearson moves to sever Count Nine (the count charging him with possession of the machine gun) from the murder-for-hire charges in Counts 1 and 2, arguing there was no "temporal or factual connection" between the charges. (Dkt. 160 at 2-5.)

Rule 8(a) allows the joinder of offenses against a single defendant when the offenses are: (1) of the same or similar character; or (2) based on the same act or transaction; or (3) connected with or constitute parts of a common scheme or plan. *See* Fed. R. Crim P. 8(a). Courts construe this rule broadly in favor of initial joinder, allowing joinder of offenses that "are of the same or similar character" even if the offenses occur at different times and even if they don't arise out of the same series of acts or transaction. *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). The Magistrate Judge concluded the gun possession count and murder-for-hire conspiracy counts are of similar character and thus recommends denial of Defendant Pearson's motion. (Dkt. 215 at 16.)

12

Defendant Pearson objects, arguing the lack of any factual connection or temporal proximity between the charges precludes joinder. (Dkt. 220.)[3] The Court overrules this conclusion. First, as stated above, those things are not required for joinder of offenses under Rule 8(a). Second, the Court concludes the charges are of similar character. The murder-for-hire charges involve Defendant Pearson's alleged agreement to shoot up the guard's homes and cars. The possession charge involves his alleged possession of an instrumentality with which he could do that – a machine gun. (Dkt. 184 at 5-6.) They are of similar character. *See United States v. Wilson*, 2011 WL 7628707, at *1-2 (M.D. Ala. Oct. 18, 2011) (finding that counts charging carjacking and robbery, conspiracy to possess firearms to commit violent felonies, and unlawful possession of a firearm by a convicted felon, were all of "similar character" as all involved

---

[3] Defendant Pearson argues the two crimes are separated by 11 months. (Dkt. 220 at 2.) But that's not necessarily true. The United States has stated that, while investigating the murder-for-hire offense, it obtained evidence that Defendant Pearson possessed an automatic weapon and then later recovered that weapon at the time of his arrest. (Dkt. 184 at 2-3.) This suggests Defendant Pearson's continued possession of the weapon from sometime during the investigation until his arrest, not a separation of two crimes. But, again, temporal proximity is net necessary.

the possession of firearms, and severance of the felon-in-possession count was not warranted, despite the fact that the possession alleged in that count occurred two years after the other charges). Indeed, as explained above, it appears the possession of the machine gun was part of a common scheme or plan within the Goodfellas gang to commit the murder-for-hire offense.[4]

The Magistrate Judge also concluded Defendant Pearson had not shown compelling prejudice from joinder to warrant severance under Rule 14. Defendant Pearson does not object to that conclusion, and the Court sees no error (plain or otherwise) in it.

The Court overrules Defendant Pearson's objections, adopts the report and recommendation, and **DENIES** Defendant Pearson's motion to sever.

---

[4] Defendant Pearson says a jury might believe the recovered machine gun was "a tool that was part and parcel of the earlier agreement" even though the United States has asserted no such connection. (Dkt. 215.) As stated, it appears the United States has asserted that connection, albeit not in the indictment. If the United States fails to establish that connection at trial, the Court will provide a limiting instruction to protect against any unfair prejudice.

## IV.    Defendant Barnes's Motion to Sever

Defendant Barnes also moves to sever Counts Seven and Eight (charging him will possession of the machine gun and possession of drug) from the murder-for-hire charge.  (Dkt. 164.)  The Magistrate Judge recommends denial of that motion for the same reasons it recommends denial of Defendant Pearson's motion.  Defendant Barnes filed no objections, and the Court seen no error (plain or otherwise) in the Magistrate Judge's conclusion that joinder was proper under Rule 8.  So the Court adopts the Magistrate Judge's recommendation and **DENIES** Defendant Barnes's motion to sever.

## V.    Conclusion

The Court **OVERRULES** Defendants Alford's and Pearson's Objections (Dkts. 220, 221), **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 215), and **DENIES** the Motions to Sever filed by Defendants Alford, Pearson, and Barnes (Dkts. 160, 164, 179).

**SO ORDERED** this 3rd day of April, 2026.

_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

15