IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.                                                    Case No. 1:24-cr-340-MLB

Wayne Alford, et al.,

        Defendants.

_____/

## <u>ORDER</u>

A grand jury indicted Defendants Wayne Alford, Matthew Freeman, Latasha Baker, and Jahiem Arnold for conspiracy to distribute methamphetamine and—along with Defendants Carlos Pearson and Jayden Barnes—conspiracy to commit murder for hire. (Dkt. 118.) The United States alleges that Defendant Alford (while detained at the Fulton County jail) conspired with Defendants Freeman, Baker, and Arnold to distribute controlled substances. (*Id.* at 3.) After jail guards seized their drugs, that group enlisted Defendants Pearson and Barnes to kill the guards. (*Id.*) The United States also charged Defendant Barnes with possessing a machine gun and possessing

1

methamphetamine with the intent to distribute.  (*Id.*)

During its investigation, the United States obtained three search warrants for Defendant Barnes's Instagram accounts and two for his iCloud account.  (Dkts. 166-1, 166-2, 166-3, 165-1, 165-2.)  Defendant Barnes moved to suppress.  (Dkts. 162, 163.)  The Magistrate Judge recommends denying those motions.  (Dkt. 223.)  Defendant Barnes objects but only to a narrow issue involving the iCloud warrants.  (Dkt. 227.)

## I.   Standard of Review

28 U.S.C. § 636(b)(1) requires district courts to "make a de novo determination of those portions of [an R&R] to which objection is made." Any such objection "must specifically identify the portions of the [R&R] to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020)[1]; *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009)

---

[1] The Court recognizes *McCullars* is unpublished and not binding.  The Court cites it and other unpublished cases as instructive, nonetheless. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). And, in most cases, "[a] party failing to object to [an R&R] waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *McGriff v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 469, 472 (11th Cir. 2016). In any event, the Court may accept, reject, or modify the recommendation in whole or in part. 28 U.S.C. § 636(b)(1).

## II.   Discussion

Defendant Barnes originally argued the Instagram and iCloud warrants lacked probable cause, were overbroad, and relied on stale information. (Dkts. 162, 163.) The Magistrate Judge rejected those arguments. (Dkt. 223.) Defendant Barnes does not meaningfully

challenge that analysis. Instead, he seeks to adopt his prior briefing "[f]or the sake of brevity." (Dkt. 227.) That doesn't trigger de novo review. *United States v. Matthews*, 2024 WL 688666, at *2 (N.D. Ga. Feb. 20, 2024) (Brown, J.) ("[W]hen a party merely makes general objections, such as incorporating by reference other arguments made in prior briefs, the objecting party does not receive a de novo review."); *United States v. Middleton*, 595 F. Supp. 3d 1277, 1283 (N.D. Ga. 2022) (Batten, J.) ("[A] party does not state a valid objection to an R&R by merely incorporating by reference previous filings. . . . Because [defendant's] objections were general and merely incorporated their prior briefing, the Court will overrule them."). The Court finds no clear error in the Magistrate Judge's probable cause, timeliness, or particularity analysis.

The iCloud warrants present one additional issue. The first iCloud warrant required Apple to produce photographs and other information from Defendant Barnes's account between October 1, 2023 and December 24, 2023. (Dkt. 165-2 at 4-5.) Apple, however, provided data from both before and after those dates. (*Id.* at 5 n.1.) To determine which photographs fell within the warrant's timeframe, the investigating agent had to open them and review their metadata. (*Id.*) In doing so, she

viewed photographs outside the date range—including some showing Defendant Barnes possessing illegal firearms. (*Id.* at ¶¶ 29, 30.) She then sought a second warrant to access a broader range of the data Apple had produced. (Dkt. 165-2.) She disclosed Apple's overproduction, her review of photographs outside the initial timeframe to access date-identifying metadata, and photographs or descriptions of photographs taken outside that original timeframe that showed Defendant Barnes brandishing firearms. (Dkt. 165-2 ¶¶ 11, 31, n.1.) Although she mistakenly said she had not relied on information outside the original timeframe (Dkt. 165-2 n.1), the affidavit showed she had.

Defendant Barnes sought to suppress the iCloud warrants on the ground law enforcement exceeded the scope of the first warrant by viewing photographs outside the required date range and using that information to obtain the second warrant. (Dkt. 163 at 11-13.) In the light of the undisputed facts that law enforcement did not cause Apple to produce information beyond the date range in the first warrant and that the investigating agent had to open photographs to access date-identifying metadata, the Magistrate Judge concluded the search was reasonable under the circumstances. (Dkt. 223 at 45.) Alternatively, the

5

Magistrate Judge concluded the warrantless seizure of images showing Defendant Barnes possessing illegal firearms was authorized under the plain view doctrine since law enforcement was authorized to search the images to determine whether they fell within the specified date range and the illegality of the firearms was immediately apparent from the images. (*Id.* at 46-47.) Finally, she concluded that—even if the search warrant was invalid—suppression is improper as the agent acted in good faith. (Dkt. 47-48.)

Defendant Barnes objects to each conclusion. (Dkt. 227.) He says law enforcement should have used a "filter team" to review the photographs and ensure the investigating agent only saw photographs that fell within the specified dates. (*Id.* at 2.) The Court disagrees. "The seizure of items not covered by a warrant does not automatically invalidate an otherwise valid search." *United States v. Schandl*, 947 F.2d 462, 465 (11th Cir. 1991) (citation omitted). The Fourth Amendment requires reasonableness, not perfection. *Id.* ("The crucial inquiry is always 'whether the search and seizures were reasonable under all the circumstances.'"). "[A] search may be as extensive as reasonably required to locate the items described in the warrant." *See United States v.*

*Wuagneux*, 683 F.2d 1343, 1352 (11th Cir. 1982). "[T]he scope of the warrant, the behavior of the searching agents, the conditions under which the search was conducted, and the nature of the evidence being sought must be considered in determining whether or not the search was reasonable." *Schandl*, 947 F.2d at 465. Absent "flagrant disregard" of a warrant's limits, suppression is not appropriate. *United States v. Khanani*, 502 F.3d 1281, 1289 (11th Cir. 2007).

A "filter team" was not required, and Defendant Barnes cites no authority holding otherwise. He argues *Khanani* somehow supports his argument. Not so. In that case, law enforcement obtained a warrant to search several computers and seize a limited set of documents. To identify items subject to the warrant, law enforcement engaged in a two-step process. *Id.* at 1290. A "computer examiner" first eliminated files that were "unlikely" to contain information within the warrant's scope. *Id.* Agents then ran "keyword searches" against the remaining files to identify documents for individual review. *Id.* If an agent opened a document and determined it was not covered by the warrant, the agent stopped looking at the document. *Id.* In other words, the agents looked at a broader set of documents to determine which documents were subject

to further search and seizure. Contrary to Defendant Barnes's suggestion, there was no "filter team." There were just agents reviewing a larger pool of documents to identify documents subject to the warrant. The Eleventh Circuit concluded nothing in that process violated the defendant's Fourth Amendment rights. *Id.*

And that is essentially what happened here. To determine whether photographs fell within the first warrant's date range, the investigating agent had to open the photographs and access their date-identifying metadata. No one disputes that. So nothing suggests the agent did anything more than necessary to wield the authority granted her in the first warrant. The Court thus overrules Defendant Barnes's objection and concludes the agents acted reasonably under the circumstances.

Because the agent lawfully accessed the images, the Court agrees that the plain-view doctrine permitted her warrantless seizure of images showing Defendant Barnes possessing obviously illegal firearms. For the same reason, the Court adopts the Magistrate Judge's conclusion that, even if the agent did something wrong, her conduct was not so egregious as to preclude the good-faith exception to suppression. *See United States v. Leon*, 468 U.S. 897, 900 (1984) (court should not exclude evidence

"obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause.").

None of *Leon's* exceptions apply here. The issue arose from Apple's overproduction—not from law enforcement malfeasance or Magistrate Judge neglect. Defendant Barnes argues that, because the agent knew Apple did that, she could not have acted in good faith. (Dkt. 227 at 3.) The Court disagrees. Good faith considers the agent's knowledge and conduct. The question is: once the agent knowingly received the larger set of documents, did she have a good faith believe she could do what she did. No evidence suggests she ever thought her process was wrong or in any way improper. Defendant Barnes cites no authority it was and, as explained, *Khanani* supports her judgment. The Court concludes the good-faith exception would apply if necessary.[2]

---

[2] As the United States notes, Defendant Barnes did not argue before the Magistrate Judge either that law enforcement was required to use a "filter team" or that the good-faith exception to suppression is inapplicable. (Dkt. 237 at 3, 5.) The Court thus alternatively overrules those objections for that reason. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) ("A proper objection generally may not raise

## III.   Conclusion

The Court **OVERRULES** Defendant Barnes's Objections (Dkt. 227), **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 223), and **DENIES** the Defendant Barnes's Motions to Suppress (Dkts. 162, 163).

**SO ORDERED** this 20th day of April, 2026.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

new arguments not previously made before the magistrate judge."). And going even further, the Court concludes Defendant Barnes abandoned his argument that the good-faith exception does not apply when he failed to respond to that argument before the Magistrate Judge.  (Dkt. 223 at 48 n.9.)  *See also United States v. Hearst,* 2022 WL 16832834 *24 n.3 (N.D. Ga. March 10, 2022) (*citing Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 20210)).